IN the MATTER OF the ESTATE OF Della E. KOENIGSMARK, Deceased: Hope VIERCK, Albert Hudson, Edward Zanzinger and Donald Zanzinger, Appellants,

v.

Esther RICHARDSON, Heir and Personal Representative, Respondent.

Court of Appeals

*No. 83–1162. Submitted on briefs May 3, 1984.—
Decided May 24, 1984.*
(Also reported in 351 N.W.2d 169.)

For the appellants the cause was submitted on the brief of *Jeffrey T. Roethe* and *Roethe, Buhrow, Roethe & Pope* of Edgerton.

For the respondent the cause was submitted on the brief of *T. P. Bidwell* and *Bidwell & Haakenson* of Janesville.

Before Bablitch, J., Dykman, J. and Bruce F. Beilfuss, Reserve Judge.

DYKMAN, J.  Appellants, residuary heirs under the will of Della E. Koenigsmark, appeal a judgment dismissing their petition objecting to the personal representative's general inventory. The matter was tried to the court without a jury. The trial court granted a motion to dismiss at the end of appellants' case. Appellants contend that the trial court should have considered the evidence in the light most favorable to the party against

whom the motion was made, pursuant to sec. 805.14(1), Stats. Respondent contends this appeal is frivolous and requests attorney's fees and costs. We affirm the judgment because the trial court correctly applied the standard set out in sec. 805.17(1). We also conclude that this appeal is frivolous and remand for a finding as to fees and costs in accord with sec. (Rule) 809.25(3), Stats.

Koenigsmark's will left specific properties and the residue of the estate to appellants. After making her will, Koenigsmark established several joint accounts and purchased Payable On Death savings bonds from money previously held in her name alone. The inventory of the estate listed these items as joint property not includable in the estate. No residual estate remained after payment of administrative expenses.

The question presented to the trial court was whether the property excluded from the estate because it was held in joint tenancy was intended to be placed in joint tenancy. A right of survivorship is presumed as to assets held in join tenancy. Sec. 705.04, Stats. That section provides in part:

(1) Sums remaining on deposit at the death of a party to a joint account belong to the surviving party or parties as against the estate of the decedent unless there is clear and convincing evidence of a different intention at the time the account is created. . . .

· Appellants introduced testimony regarding Koenigsmark's intention at the time she established the joint accounts. After appellants rested, respondent moved for dismissal. The trial judge granted the motion, holding that appellants had not presented clear, satisfactory and convincing evidence sufficient to overcome the presumption of joint tenancy.

Section 805.17(1), Stats., governs motions to dismiss when a case is tried to the court without a jury. It provides in part:

After the plaintiff, in an action tried by the court without a jury, has completed the presentation of his evidence, the defendant . . . may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court as trier of the facts may then determine them and render judgment against the plaintiff on that ground or may decline to render any judgment until the close of all the evidence. . . . Unless the court in its order for dismissal otherwise specifies, a dismissal under this section operates as an adjudication upon the merits.

Appellants contend that the trial judge should have used sec. 805.14(1), Stats., to test the sufficiency of the evidence. That section requires the court to view the evidence in the light most favorable to the party against whom the motion to dismiss is brought. However, sec. 805.14(1) states the standard that the court must apply when ruling on a motion to take a case from a jury. *See Christianson v. Downs,* 90 Wis. 2d 332, 334–35, 279 N.W.2d 918, 919–20 (1979) (standard in sec. 805.14(1) preserves litigant's right to jury determination of factual disputes).

In *Household Utilities, Inc. v. Andrew Co.,* 71 Wis. 2d 17, 24–25, 236 N.W.2d 663, 667 (1976), the supreme court explained the difference between a challenge to the sufficiency of the evidence when a case is tried to the court and a similar challenge when it is tried to a jury. With respect to a case tried before a court without a jury, the supreme court said:

Where there is no right to a jury trial, or where that right has been waived, . . . the court itself is the ultimate finder of fact. In such a case there appears to be no good reason to view the evidence in the light most favorable to the plaintiff or to seek inferences from the facts which, under some view, might support plaintiff's claim. The plaintiff has the burden, in most cases, to present facts which will support his claim to relief. When he has rested it is to be presumed that all evidence favorable to that claim has been presented. Theoretical-

ly, his case will never be stronger than at that point. As a result, a ruling granting the motion to dismiss should constitute a disposition of the case on its merits.

Appellants' appeal is predicated on the assertion that sec. 805.14(1), Stats., required the trial court to view the evidence most favorably to them when it ruled on respondent's motion. A reading of *Household Utilities* or *Grams v. Melrose-Mindoro Jt. S.D. No. 1*, 78 Wis. 2d 569, 576–77, 254 N.W.2d 730, 734 (1977), would have informed appellants that that assertion was without merit. Appellants assert no reason other than their reliance on sec. 805.14(1) why the trial court's judgment should be reversed. They filed no reply brief in response to respondent's assertions that appellants had based their appeal upon an inapplicable statute. We conclude that the trial court applied the proper standard when it dismissed appellants' complaint. Accordingly, we affirm its judgment.

Respondent asks that this court tax attorney's fees and costs on appeal in accord with sec. (Rule) 809.25(3), Stats. This statute provides in part:

(a) If an appeal or cross-appeal is found to be frivolous by the court, the court shall award to the successful party costs and fees under this section.
. . . .
(c) In order to find an appeal or cross-appeal to be frivolous under par. (a), the court must find one or more of the following:
. . . .
2. The party or the party's attorney knew, or should have known, that the appeal or cross-appeal was without any reasonable basis in law or equity and could not be supported by a good faith argument for an extension, modification or reversal of existing law.

Respondent does not contend that appellants' objection to the general inventory was frivolous, and our ex-

amination of the record reveals that this case, when tried below, was not frivolous. We are compelled to conclude, however, that appellants' appeal is frivolous under sec. (Rule) 809.25(3), Stats. Our determination is based on the argument counsel has made on appeal.[1] No findings of fact are necessary to support our conclusion, so we address the issue of frivolousness *de novo*. *Radlein v. Industrial Fire & Cas. Ins. Co.*, 117 Wis. 2d 605, 613, 345 N.W.2d 874, 878–79 (1984). We conclude that appellants' attorney should have known that his assertion of trial court error was without any reasonable basis in law or equity. Appellants did not argue that existing law should be extended, modified or reversed. Upon remand, the trial court shall conduct an evidentiary hearing to determine and assess respondent's reasonable costs and fees for this appeal.

*By the Court.*—Judgment affirmed and cause remanded for proceedings consistent with this opinion.

---

[1] Appellants' statement of facts contains an assertion that the trial court should have "construed" certain testimony as showing that Koenigsmark intended the accounts to be convenience or agency accounts, not joint accounts with a right of survivorship. Appellants do not argue, however, that the trial court erred by concluding they had not met their burden of proof. To the extent that appellants' assertion (made without citation to authority) can be considered argument, it requests this court to draw inferences from the testimony different from the inferences drawn by the trial court. When reviewing a case where the trial court acted as the fact finder, this court must accept the reasonable inferences drawn by the trial court. *Handicapped Children's Bd. v. Lukaszewski*, 112 Wis. 2d 197, 205, 332 N.W.2d 774, 778 (1983). A request to this court to redraw the inferences drawn by the trial court cannot succeed on appeal.