Ervin R. DODGE and Margaret V. Dodge, Plaintiffs-
Respondents,

v.

Joseph CARAUNA and Jewell K. Carauna,
Defendants-Appellants.

Court of Appeals

*No. 84–884. Submitted on briefs August 12, 1985.—Decided October
17, 1985.*
(Also reported in 377 N.W.2d 208.)

For the defendants-appellant the cause was submitted on the briefs of *Jonathan Lindberg* of New Lisbon.

For the plaintiffs-respondents the cause was submitted on the brief of *Hollis Thompson* and *Thompson Law Offices* of Mauston.

Before Gartzke, P.J., Dykman, J. and Eich, J.

DYKMAN, J. Joseph and Jewell Carauna appeal from a judgment directing the removal or modification of a backyard playhouse, and from an oral contempt order arising from their failure to do either.[1] The issues are whether a private deed restriction containing no specific standards of approval is enforceable; whether testimony regarding similar unapproved structures on other lots is relevant; and whether the trial court erred in finding appellants in contempt of court. Because we conclude that the court's findings regarding the reasonableness of the enforcement of the deed restriction were inadequate, we reverse and remand. We also reverse the contempt order.

*Facts*

Between March and June of 1981, the Caraunas' minor son built a playhouse on one of their two lots in

---

[1] Because the oral contempt order was not entered in accordance with sec. 806.06(1)(b), Stats., it is not final under sec. 808.03(1), Stats. Nonetheless we may review all prior nonfinal judgments, orders and rulings adverse to the appellant brought before us on an appeal of a final judgment or final order. Sec. 809.10(4), Stats.

Buckhorn Acres subdivision.[2] The playhouse is elevated about five feet on wooden stilts. The subdivision is being developed by Ervin and Margaret Dodge. On July 21, 1981, the Caraunas were notified by the Dodges' attorney that, because the playhouse was erected without the grantor's prior approval, it violated deed restrictions, and had to be removed. The Caraunas applied to the Dodges for approval of the structure but their application was denied.

The Caraunas did not remove the playhouse and the Dodges sued for reversion, an injunction, and damages in the form of a civil forfeiture. The Caraunas counterclaimed for a declaration that the deed restrictions were invalid and unenforceable; for an injunction restraining the enforcement of the restrictions; for damages for the emotional distress suffered by their son; and for punitive damages for slander of title.

The Caraunas bought their lot in 1979, subject to restrictions which included the following:

. . . .

8.   No building or mobile home, travel trailer, camper, or buses shall be *erected,* placed, or altered on any lot until plans have been approved and written approval is given by the grantors, their successors or assigns. . . . [Emphasis in original.]

After trial, the court directed the Caraunas to either remove the stilts from the playhouse or remove the structure—at the Dodges' option—before October 31, 1983. The Caraunas neither removed the playhouse nor its stilts and the trial court ultimately found them in con-

---

[2] The playhouse was erected on a vacant lot adjoining the lot on which the Caraunas had located their mobile home. The Caraunas own both lots.

tempt of court, denying their motion for relief from its order. The Caraunas appeal.[3]

*Deed Restrictions*

■

Public policy in Wisconsin favors the free and unrestricted use of property. *Crowley v. Knapp,* 94 Wis.2d 421, 434, 288 N.W.2d 815, 822 (1980). "Accordingly, restrictions contained in deeds . . . must be strictly construed to favor unencumbered and free use of property. . . . [such restrictions] must be expressed in clear, unambiguous, and peremptory terms." *Id.* at 434–35, 288 N.W.2d at 822.

The fundamental inquiry regarding a deed restriction is: "Is [it] a reasonable one under all the facts and circumstances of the transaction in the light of 'the situation, business, and objects of the parties,' and [is] the restriction 'for a just and honest purpose, for the protection of the legitimate interests of the party in whose favor it is imposed . . .' " (Citation omitted.) *McKinnon v. Benedict,* 38 Wis.2d 607, 619, 157 N.W.2d 665, 670 (1968). The standard of validity for a deed restriction in Wisconsin is reasonableness. *Le Febvre v. Osterndorf,* 87 Wis.2d 525, 533, 275 N.W.2d 154, 159 (Ct.App. 1979).[4]

The Dodges' complaint was based upon the Caraunas' failure to secure prior approval of the playhouse plans. The Caraunas argue that, because that restriction sets no express standards for approval of buildings such as the playhouse, it is unclear, ambiguous and unenforceable.

---

[3] The court did not expressly rule on the Caraunas' counterclaims. However, because its judgment and order were inconsistent with a holding for the Caraunas on any of those counterclaims, we deem them denied.

[4] *Le Febvre* suggests that a reviewing court must balance the interest in the free and unrestricted use of property against any "substantial and reasonable economic purpose for restricting [such] use. . . ." *Le Febvre,* 87 Wis.2d at 534, 275 N.W.2d at 159.

The parties cite no Wisconsin case dealing with covenants containing no standards of approval. We have found no such case.

The result in jurisdictions that have considered covenants lacking objective standards of approval is generally consistent. The Kentucky Court of Appeals noted in *La Vielle v. Seay,* 412 S.W.2d 587, 593 (Ky. Ct. App. 1967), that "a power reserved by the common grantor . . . to consent or not consent to particular buildings on particular lots is generally considered to be reasonable and valid. . . . [H]owever . . . the exercise of the power in a particular case must be reasonable and not arbitrary." The Massachusetts Supreme Court said:

> [A] [standardless] restriction may be enforced if the power to do so is exercised reasonably. . . . We think, however, that (at least in the absence of explicit language to the contrary or the specification of standards of judgment), a restriction of this type should be interpreted as requiring . . . that the person whose approval is required shall decide objectively, honestly, and reasonably.

*Donoghue v. Prynnwood Corporation,* 255 N.E.2d 326, 329 (Mass. 1970). In Colorado a "covenant requiring approval of the architectural committee [without imposing definite criteria] . . . is enforceable . . . [but] a refusal to approve plans must be reasonable and made in good faith and must not be arbitrary or capricious." (Citation omitted.) *Snowmass American Corporation v. Schoenheit,* 524 P.2d 645, 648 (Colo. App. 1974).

We conclude that where, as here, a common grantor reserves the right to approve building on a deeded property by arbitrary standards, the exercise of that right—and not the restriction itself—is subject to this scrutiny.

*Findings*

The trial court's findings of fact show that no inquiry into the Dodges' exercise of their rights was made. The court's sole findings were that the Caraunas purchased a lot in Buckhorn Acres subdivision subject to certain deed restrictions; that Deed Restriction 8 required prior written approval from the grantors for the erection, placement or alteration on any lot of a building, mobile home, travel trailer, camper or bus; and that the violator of any deed restriction is subject to a civil forfeiture.

A number of findings crucial to a determination of the reasonableness of the Dodges' enforcement of the restriction are missing. There were no findings as to the developers' intent and objectives, or what substantial and reasonable interests would be protected by enforcing the restriction. Nor were there any findings as to the relation of the playhouse to its surroundings and other buildings and structures in the subdivision.

Where a trial court fails to make findings of fact, we have three options: (1) affirm the judgment if the trial court reached a result which the evidence would sustain had a specific finding supporting that result been made; (2) reverse if not so sustained; or (3) remand for additional findings and conclusions. *State v. Williams,* 104 Wis.2d 15, 22, 310 N.W.2d 601, 605 (1981); *Moonen v. Moonen,* 39 Wis.2d 640, 646, 159 N.W.2d 720, 723 (1968).

While we may search the record for evidence sustaining the court's conclusion, we elect not to do so. We conclude that excluded evidence regarding the existence of a number of other non-approved structures within the subdivision is relevant and crucial to any determination of the reasonableness of the Dodges' action.[5] Therefore we

---

[5] The trial transcript contains a number of references to the existence of other non-approved playhouses or tree houses, non-approved

reverse the judgment and order and remand, directing that such evidence be considered and that the additional findings and conclusions required by *McKinnon* be made. If the trial court determines that the record is inadequate to make such findings, it may order that additional evidence be submitted.

*Motion for Relief*

The Caraunas argue that the court's denial of their motion for relief from its oral contempt order pursuant to sec. 806.07, Stats., was an abuse of discretion.[6] They contend that they were placed in a position of having to choose between being held in contempt of court and surrendering on the very issue they sought to appeal.

We fail to see how the court's denial of the Caraunas' motion has prejudiced their interests. The playhouse apparently is still in place on their lot. The trial court stayed its contempt sanctions pending this appeal. A grant of the Caraunas' sec. 806.07, Stats., motion would have done little more. If the trial court erred by denying the Caraunas' motion, the error was harmless.

---

mobile homes, porches and other alterations within the subdivision in apparent violation of Deed Restriction 8. The court excluded this testimony, stating "[w]e're only concerned with . . . this particular building on this particular lot, this particular subdivision. Whether there is fifteen other houses that are built there that you don't like is irrelevant. . . . [T]he only issue is the building permit by Mr. Carauna, whether it complies with the intent of the restrictions. . . ."

[6] Section 806.07, Stats., provides in part:

(1) On motion and upon such terms as are just, the court may relieve a party or legal representative from a judgment, order or stipulation for the following reasons:

. . . .

(g) It is no longer equitable that the judgment should have prospective application; or

(h) Any other reasons justifying relief from the operation of the judgment.

. . . .

*Contempt*

■

Because we have remanded the issue of the reasonableness of the Dodges' enforcement of the deed restriction, and because we have reversed the court's order requiring the removal or lowering of the playhouse, the finding of contempt for noncompliance cannot lie. Therefore, we reverse the trial court's contempt order of January 25, 1984.

*By the Court.*—Judgment and order reversed. Remanded with instructions.