Gary J. HOWELL,
Plaintiff-Respondent,

v.

Orrin DENOMIE and Helen Denomie,
Defendants-Appellants-Petitioners†.

Supreme Court

*No. 2003AP979–FT. Oral argument April 28, 2005.
—Decided June 22, 2005.*

2005 WI 81

(Also reported in 698 N.W.2d 621.)

† Motion for reconsideration denied 9-30-05.

For the defendants-appellants-petitioners there were briefs by *Robert E. Haney, Alvin R. Ugent* and *Podell, Ugent & Haney, S.C.,* Milwaukee, and oral argument by *Robert E. Haney.*

For the plaintiff-respondent there was a brief and oral argument by *Robert C. Longwell, Jr.,* Galesville.

An amicus curiae brief was filed by *G. Michael Halfenger* and *Foley & Lardner, LLP,* Milwaukee; and *Jeffery O. Davis,* and *Quarles & Brady, LLP,* Milwau-

kee, on behalf of the Appellate Practice Section, State Bar of Wisconsin, and there was oral argument by *G. Michael Halfenger.*

¶ 1. PATIENCE DRAKE ROGGENSACK, J. Orrin and Helen Denomie seek review of an unpublished court of appeals summary order[1] affirming a circuit court judgment finding the Denomies' answer and counterclaim frivolous and awarding Gary Howell attorney fees. The Denomies also seek review of the court of appeals conclusion that their appeal was frivolous. We conclude that the circuit court correctly determined that the Denomies' answer and counterclaim were frivolous, but that the court of appeals should not have concluded that the appeal was frivolous without first giving the parties and counsel a chance to be heard on that issue. However, because the Denomies had an opportunity to be heard regarding the frivolousness of the appeal in their briefs and at oral argument before this court, we reach the merits of their argument. In so doing, we agree with the court of appeals conclusion that the appeal was frivolous. Accordingly, we affirm the court of appeals.

## I. BACKGROUND

¶ 2. This dispute arises over the sale of a parcel of land and house in Trempealeau, Wisconsin. The plaintiff, Howell, and defendants, Denomies, present different versions of the facts. Howell's version is as follows: he negotiated a price of $68,000 with the owners, Gregg and Cynthia Sikora, for the home. Howell then contacted the Denomies for financing. Glenn E. Brom-

---

[1] *See Howell v. Denomie,* No. 2003AP979–FT, unpublished order (Wis. Ct. App. Nov. 18, 2003).

merich, senior vice president of Citizens State Bank, conducted the closing on April 17, 2000 with Gregg Sikora, Howell and the Denomies present. The deed filed for the sale of the property listed Howell as the purchaser, and the mortgage listed Howell as the mortgagor and the Denomies as the mortgagees. The Denomies gave a cashier's check for $67,500 to the bank, and Howell signed a promissory note and real estate mortgage to the Denomies. Howell agreed to make monthly payments on the note and the Denomies received an amortization schedule for the amount of the promissory note.

¶ 3. In late 2001, the Denomies heard from Howell's father that Howell was going to make $20,000 on the sale of the house. In early December 2001, the Denomies retained an attorney, Allan Ohm, who sent Howell a Notice to Quit or Pay Rent for the month of November 2001 because the Denomies had not received a payment from Howell in November. Howell gave this notice to Brommerich, who contacted Ohm and explained Howell's ownership of the property. On December 18, 2001, Howell refinanced the property with Citizens State Bank. Brommerich sent the Denomies a cashier's check for $63,291.34, the remaining amount due based on the amortization schedule, as well as a Satisfaction of Mortgage form for the Denomies to sign. Ohm contacted Brommerich and told him that the Denomies questioned the final payoff amount, and that there was still $687.40 due on the note as a result of the missed November payment. Brommerich sent the Denomies a check for the underpaid amount. The Denomies cashed both checks. On February 6, 2001, Citizens State Bank sent another letter to the Denomies urging them to sign the Satisfaction of Mortgage. The Denomies did not satisfy the mortgage, and Howell brought an

action against them seeking a judgment satisfying and discharging the mortgage, penalty damages under Wis. Stat. § 706.05 (2001–02),[2] actual damages, attorney fees and costs.

¶ 4.  The Denomies presented a different view of the facts in their answer and counterclaim. They stated as follows:  they agreed to purchase the house for Howell, rent it to him and sell it to him when he could afford to purchase it. Howell instead took their money, bought the property himself and fabricated the mortgage, thus fraudulently depriving them of ownership. Not knowing that this fraud had taken place, they reported the monthly payments from Howell as rent on their income tax filings. They refused to accept the final payments as satisfaction of Howell's debt because they claim they had never agreed to be a mortgage holder.

¶ 5.  The matter was tried before the circuit court for Trempealeau County, Judge John A. Damon presiding. The court heard testimony from Brommerich, Howell and the Denomies. The court found the testimony of Brommerich and Howell relating Howell's version of the facts to be "entirely credible" and the testimony of Orrin Denomie to "be confused and not credible." The court also found that the unambiguous written documents showed that Howell had purchased the property and his agreement with the Denomies was a mortgage agreement. The court concluded that there was no basis for the counterclaim or the Denomies' assertion that they owned the property, as the deed indicated Howell was the purchaser and the credible testimony backed Howell's position. The court also found that the mortgage had not been satisfied by the

---

[2] All further references to the Wisconsin Statutes are to the 2001–02 version unless otherwise noted.

Denomies, as was required by Wis. Stat. § 706.05. The court concluded that as a result of the Denomies' failure to satisfy the mortgage, Howell was entitled to statutory penalties[3] totaling $2,000 and consequential damages totaling $2,267. The court also concluded that the Denomies' answer and counterclaim were frivolous under Wis. Stat. § 814.025, as they were "used and continued in bad faith and defendants and their attorney knew, or should have known, t[h]at the Counterclaim and defense were without any reasonable basis in law or equity and could not be supported by a good faith argument for extension, modification or reversal of existing law." The court entered judgment of $4,744.60 in attorney fees and taxable costs of $601.14.

¶ 6. The Denomies appealed the circuit court's judgment, arguing that they never agreed to the mortgage and that their defense was not frivolous. In a summary disposition, the court of appeals affirmed the circuit court's judgment and also concluded that the Denomies' appeal was frivolous, stating "we conclude that the Denomies' attorney should have known that his appellate argument is without any reasonable basis in law or in equity and cannot be supported by good faith argument for an extension, modification or reversal of existing law." The court awarded appellate attorney fees to Howell against Alvin Ugent, the Denomies'

[3] Under Wis. Stat. § 706.05(10)(b), "[a] mortgage-holder shall execute and record a mortgage satisfaction . . . within 7 days after both the mortgagor completes full performance and the mortgage-holder receives by certified mail a written request from the mortgagor for a full satisfaction." Section 706.05(10)(c) provides that the holder is "liable to the mortgagor for penalty damages of $100 for each day that the violation remains uncorrected, up to a total of $2,000, plus actual damages resulting from the violation."

appellate attorney, and remanded to the circuit court for a determination of the amount of those fees.

¶ 7. The Denomies petitioned for review, which we granted. We specifically directed the parties to "address the procedure by which the court of appeals may determine an appeal is frivolous pursuant to Wis. Stat. § (Rule) 809.25(3)(c)."

## II. DISCUSSION

### A. Standard of Review

■

¶ 8. "A claim is frivolous under [Wis. Stat. § 814.025(3)(b)][4] if the party or attorney 'knew or should have known' that the claim was 'without any

---

[4] Wisconsin Stat. § 814.025 states:

(1) If an action or special proceeding commenced or continued by a plaintiff or a counterclaim, defense or cross complaint commenced, used or continued by a defendant is found, at any time during the proceedings or upon judgment, to be frivolous by the court, the court shall award to the successful party costs determined under s. 814.04 and reasonable attorney fees.

(2) The costs and fees awarded under sub. (1) may be assessed fully against either the party bringing the action, special proceeding, cross complaint, defense or counterclaim or the attorney representing the party or may be assessed so that the party and the attorney each pay a portion of the costs and fees.

(3) In order to find an action, special proceeding, counterclaim, defense or cross complaint to be frivolous under sub. (1), the court must find one or more of the following:

(a) The action, special proceeding, counterclaim, defense or cross complaint was commenced, used or continued in bad faith, solely for purposes of harassing or maliciously injuring another.

(b) The party or the party's attorney knew, or should have known, that the action, special proceeding, counterclaim, defense

reasonable basis in law or equity.' " *Stern v. Thompson & Coates, Ltd.*, 185 Wis. 2d 220, 240–41, 517 N.W.2d 658 (1994). The standard is objective: "whether the [party or] attorney knew or should have known that the position taken was frivolous as determined by what a reasonable [party or] attorney would have known or should have known under the same or similar circumstances." *Id.* at 241 (quoting *Sommer v. Carr,* 99 Wis. 2d 789, 799, 299 N.W.2d 856 (1981)). This inquiry involves a mixed question of law and fact. *Stern,* 185 Wis. 2d at 241. "Determining what was known or should have been known involves questions of fact. Such findings of fact will not be upset unless they are against the great weight and clear preponderance of the evidence." *Id.; Sommer,* 99 Wis. 2d at 792. "However, . . . the ultimate conclusion about whether what was known or should have been known supports a [determination] of frivolousness under [Section 814.025(3)(b)] is a question of law we review independently of the . . . circuit and appellate courts." *Stern,* 185 Wis. 2d at 241. "All doubts on this issue are resolved in favor of the party or attorney" whom it is claimed commenced or continued a frivolous action. *Rabideau v. City of Racine,* 2001 WI 57, ¶ 46, 243 Wis. 2d 486, 627 N.W.2d 795.

■

¶ 9.  In regard to whether an appeal is frivolous, the standard is somewhat different because an appellate court decides whether an appeal is frivolous solely as a question of law. *See J.J. Andrews, Inc. v. Midland,* 164 Wis. 2d 215, 225, 474 N.W.2d 756 (Ct. App. 1991);

---

or cross complaint was without any reasonable basis in law or equity and could not be supported by a good faith argument for an extension, modification or reversal of existing law.

(4) To the extent s. 802.05 is applicable and differs from this section, s. 802.05 applies.

*Vierck v. Richardson,* 119 Wis. 2d 394, 399, 351 N.W.2d 169 (Ct. App. 1984). To award costs and attorney fees, an appellate court must conclude that the entire appeal is frivolous. *State ex rel. Robinson v. Town of Bristol,* 2003 WI App 97, ¶ 54, 264 Wis. 2d 318, 667 N.W.2d 14. Sanctions for a frivolous appeal will be imposed if the court concludes that the "party or party's attorney knew, or should have known, that the appeal . . . [had no] reasonable basis in law or equity and could not be supported by a good faith argument for an extension, modification or reversal of existing law." Wis. Stat. § (Rule) 809.25(3)(c)2.[5] Since the standard is objective, an appellate court looks to what a reasonable party or

---

[5] Wisconsin Stat. § (Rule) 809.25(3) states:

(3) Frivolous appeals. (a) If an appeal or cross-appeal is found to be frivolous by the court, the court shall award to the successful party costs, fees, and reasonable attorney fees under this section. A motion for costs, fees, and attorney fees under this subsection shall be filed no later than the filing of the respondent's brief or, if a cross-appeal is filed, no later than the filing of the cross-respondent's brief. This subsection does not apply to appeals or cross-appeals under s. 809.107, 809.30, or 974.05.

(b) The costs, fees and attorney fees awarded under par. (a) may be assessed fully against the appellant or cross-appellant or the attorney representing the appellant or cross-appellant or may be assessed so that the appellant or cross-appellant and the attorney each pay a portion of the costs, fees and attorney fees.

(c) In order to find an appeal or cross-appeal to be frivolous under par. (a), the court must find one or more of the following:

1. The appeal or cross-appeal was filed, used or continued in bad faith, solely for purposes of harassing or maliciously injuring another.

2. The party or the party's attorney knew, or should have known, that the appeal or cross-appeal was without any reasonable basis in law or equity and could not be supported by a good faith argument for an extension, modification or reversal of existing law.

141

attorney knew or should have known under the same or similar circumstances. *See J.J. Andrews,* 164 Wis. 2d at 226.

B. Frivolous Answer and Counterclaim

¶ 10.   The Denomies first challenge the circuit court judgment concluding that their answer and counterclaim were frivolous. They argue that while the circuit court based its determination of frivolousness on the lack of evidence tending to show that the Denomies were the owners of the property, they were not arguing that they were the owners. Rather, their position was that there was evidence in the record found by the circuit court to be "entirely credible" or stipulated to by counsel that supports their contention that there was no "meeting of the minds" between Howell and the Denomies to create a mortgage. The Denomies point to several pieces of evidence:   (1) the stipulation that the Denomies did not sign the note, mortgage or amortization schedule at the closing; (2) Brommerich's testimony that he did not believe the Denomies received any paperwork following Howell's closing on the property; (3) the circuit court's finding that the Denomies had reported the payments they received from Howell as rent on their income tax returns; and (4) the finding that Orrin Denomie's testimony was "confused," rather than finding that either defendant was intentionally making misrepresentations. The Denomies argue that because this evidence supports their position, their answer and counterclaim cannot be found to be frivolous.

■

¶ 11.   We reject the Denomies' argument. While they cite to language by the circuit court that it found "there's no basis . . . that [the Denomies] had any own-

ership in this house" for the proposition that the circuit court erroneously focused on the idea that the Denomies did not own the property rather than the theory put forth by the Denomies that there was no meeting of the minds regarding a mortgage agreement, examination of the circuit court's statements at trial and its final judgment show that the circuit court explicitly found there was indeed a mortgage agreement between Howell and the Denomies. In its oral ruling, the circuit court stated, "It appears from Mr. Brommerich's credible testimony that a check was given, a mortgage note and mortgage was filed, indicating what the agreement was. . . . [Orrin Denomie was] present at everything . . . [s]o he knew exactly what was going on." The findings of fact stated, "Defendants, jointly and severally, made a mortgage loan to plaintiff for the purchase of the residence." Further support for the frivolous nature of the Denomies' argument is apparent when one asks the question:   If the Denomies claim not to be owners and they claim not to be mortgagees, what did they get for the money they paid at closing? Additionally, if they were not claiming that they owned the property, how could they claim that what Howell paid them was rent?

¶ 12.   Next, we address the Denomies' argument that there was evidence in the record found by the circuit court to be "entirely credible" or stipulated to by counsel that supports their argument that there was no "meeting of the minds," therefore making it impossible as a matter of law for the answer and counterclaim to be frivolous. They rely on *Stern* for the proposition that a determination of frivolousness cannot be based on a "failure of proof," which they argue is the case here, but rather requires that there be "no set of facts which could satisfy the elements of the claim," *Stern,* 185 Wis. 2d at 243–44.

¶ 13. The Denomies misconstrue the language in *Stern*. While we agree with *Stern* that one way a claim could be frivolous is if a party "knows or should reasonably know that the facts necessary to meet the required elements of an allegation are not present and cannot be produced," *id.* at 244, that does not mean that presenting some evidence that is wholly insufficient to support a claim causes the claim to become nonfrivolous. As we have previously stated, a claim is frivolous if the party or attorney knew or should have known that the claim was without any reasonable basis in law or equity and could not be supported by a good faith argument for an extension, modification or reversal of existing law.

¶ 14. Our de novo evaluation of the facts found by the circuit court show that there is a mountain of evidence demonstrating that Howell was the owner of the property, that he and the Denomies entered into a mortgage agreement, and that the Denomies were aware of this, yet proceeded with their answer and counterclaim. Given what the circuit court found the Denomies knew or should have known regarding the transaction, the Denomies' initial position that Howell defrauded them out of ownership in the property and fabricated the mortgage was without any reasonable basis in law or equity.

¶ 15. The record overwhelmingly shows that the Denomies were aware of the transactions taking place. They were present at the closing and Brommerich testified that they witnessed the documents being signed. The Denomies incorrectly cite Brommerich's testimony to state that the Denomies never received any paperwork from the closing, as he stated that while he could not "positively say" whether the Denomies received a copy of the promissory note, it was the bank's

policy to give copies, and in any case, Orrin Denomie testified that Howell gave them the documents "a day or two" after the closing. Howell testified that he paid the real estate taxes, flood insurance and property insurance on the property, and that even though he made numerous improvements to the property that the Denomies were aware of, including the addition of a deck, he never sought approval to make these improvements. The Denomies accepted the payments of $63,291.34 and $687.40 that were inconsistent with the rental relationship that the Denomies claimed existed. Given all of this evidence that was known to the Denomies, we agree with the circuit court and the court of appeals that the Denomies' answer and counterclaim were frivolous.[6]

## C. Frivolous Appeal

¶ 16.   The Denomies raise the issue of whether the court of appeals, on its own motion and without a hearing, can declare an appeal frivolous, as it did here. We also ordered the parties to "address the procedure by which the court of appeals may determine an appeal is frivolous pursuant to Wis. Stat. § (Rule) 809.25(3)(c)." We received briefing and heard oral argument from the parties and from a nonparty, the Appellate Practice Section of the State Bar of Wisconsin, on this issue.

¶ 17.   The Denomies argue that the court of appeals should determine that an appeal is frivolous only

---

[6] The Denomies also raise the issue of whether the court of appeals erred in characterizing their appellate arguments as resting upon the "weight and credibility of the testimony" in the circuit court rather than the sufficiency of the evidence. Because we affirm the circuit court's determination of frivolousness above, we do not need to address this issue.

if a separate motion on that issue is made by one of the parties, and because that did not happen here, the court of appeals erred in concluding the appeal was frivolous. Howell argues the court of appeals correctly determined the appeal was frivolous and it properly summarily made this determination. The Appellate Practice Section of the State Bar in its amicus brief opined that there should be notice and an opportunity to respond whenever the court of appeals is considering ruling that an appeal is frivolous. We agree with the Appellate Practice Section of the State Bar's position and conclude that in order to determine that an appeal is frivolous, the court of appeals is required to give notice that it is considering the issue. It must also give an opportunity to respond to the issue before a determination is made.

¶ 18. We have previously considered the issue of the court of appeals concluding an appeal is frivolous without a motion by a party in *Weiland v. Paulin,* 2003 WI 27, 260 Wis. 2d 277, 659 N.W.2d 875. In that case, the court of appeals, on its own motion, concluded that the appeal from a summary judgment was frivolous, and ordered that fees and costs be assessed solely against appellate counsel. *Weiland v. Paulin,* 2002 WI App 311, ¶ 29, 259 Wis. 2d 139, 655 N.W.2d 204. Unlike the summary order in the present case, the court of appeals detailed the various transgressions committed by appellate counsel. *Id.,* ¶¶ 22–27. We responded to counsel's petition for review by issuing a summary order reversing the court of appeals conclusion that the appeal was frivolous and remanding the matter to the court of appeals with directions that: (1) the court of appeals must give the parties an opportunity to be heard regarding whether the appeal is frivolous; and (2) the court of appeals must specify the reasons why it has concluded that the appeal is or is not frivolous under

Wis. Stat. § (Rule) 809.25(3)(c)2. *Weiland,* 260 Wis. 2d at 278.

¶ 19. In order for parties before the court of appeals to have the proper notice and opportunity to be heard, parties wishing to raise frivolousness must do so by making a separate motion to the court, whereafter the court will give the parties and counsel a chance to be heard. We caution that a statement in a brief that asks that an appeal be held frivolous is insufficient notice to raise this issue. The court of appeals may also raise the issue of a frivolous appeal on its own motion, but it must give notice that it is considering the issue and grant an opportunity for the parties and counsel to be heard before it makes a determination.

¶ 20. In the present case, Howell did not move the court of appeals to conclude that the appeal was frivolous, yet the court of appeals concluded that it was and awarded attorney fees against Attorney Ugent.[7] It appears this was done without giving Ugent a chance to be heard. However, even though the Denomies did not have a proper opportunity to be heard at the court of appeals, we can determine the frivolousness of the appeal in this case because the Denomies did have an opportunity to be heard before this court.[8] In both their briefs and at oral argument, the Denomies argued that

---

[7] We also note that the briefs filed in the court of appeals did not assert that the appeal was frivolous. Although, as we set out below, in order to act on a party's request to hold an appeal frivolous, a motion is required, we note the lack of any argument in the briefs as further evidence that the court of appeals holding was not made at the request of a party.

[8] We note that the facts here are unique in that the Denomies had the opportunity to argue whether their appeal

147

the court of appeals incorrectly applied *Riley v. Isaacson,* 156 Wis. 2d 249, 456 N.W.2d 619 (Ct. App. 1990), which stated:

> [W]e hold that upon an appeal from a ruling of frivolousness, the reviewing court need not determine whether the appeal itself is frivolous before it can award appellate costs and reasonable attorney's fees. Rather, if the claim was correctly adjudged to be frivolous in the trial court, it is frivolous per se on appeal.

*Id.* at 262.

¶ 21.   This argument fails because not only did the court of appeals summary order not mention *Riley* or its analysis, but contrary to *Riley,* it specifically determined that the appeal itself was frivolous, stating "we conclude that the Denomies' attorney should have known that his appellate argument is without any reasonable basis in law or equity and cannot be supported by a good faith argument for an extension, modification or reversal of existing law." After considering the Denomies' arguments concerning the appeal in their briefs as well as on oral argument, we agree with the court of appeals. The appeal was frivolous. We therefore affirm the decision of the court of appeals.

## III. CONCLUSION

¶ 22.   We conclude that the circuit court correctly determined that the Denomies' answer and counter-

---

was frivolous before this court in their briefs and at oral argument. We reiterate that the proper course of action for the court of appeals in future cases is to give notice and grant an opportunity for the parties and counsel to be heard before it makes a determination about whether an appeal is frivolous.

claim were frivolous, but that the court of appeals should not have concluded that the appeal was frivolous without first giving the parties and counsel a chance to be heard on that issue. However, because the Denomies had an opportunity to be heard regarding the frivolousness of the appeal in their briefs and at oral argument before this court, we reach the merits of their argument. In so doing, we agree with the court of appeals conclusion that the appeal was frivolous. Accordingly, we affirm the court of appeals.

*By the Court.*—The decision of the court of appeals is affirmed.