· Steven M. LUCARELI and Candice J. Lucareli, Plain-
tiffs-Appellants,†

v.

VILAS COUNTY and Jack Smith, individually and as an
employee of the State of Wisconsin, Department of
Natural Resources, Defendants-Respondents.

Court of Appeals

*No. 99–2827. Submitted on briefs June 12, 2000.—Decided
June 27, 2000.*

**2000 WI App 157**

(Also reported in 616 N.W.2d 153.)

†Petition to review denied.

On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *Thomas J. Kelly* of *Kelly Law Office*, Spring Green.

On behalf of the defendants-respondents, the cause was submitted on the brief of *James E. Doyle*, attorney general, and *Thomas L. Dosch*, assistant attorney general.

Before Cane, C.J., Hoover, P.J., and Peterson, J.

¶ 1. PETERSON, J. Steven and Candice Lucareli appeal a judgment determining the amount of reasonable attorney fees attributed to their previous appeal. We had found that appeal frivolous and remanded to the circuit court for it to determine the amount of fees. The Lucarelis appeal that determination, essentially raising two arguments: (1) the circuit court did not have subject matter jurisdiction to determine the amount of attorney fees associated with their frivolous appeal; and (2) the circuit court erred in denying them an evidentiary hearing. We reject both arguments and affirm the judgment.

BACKGROUND

¶ 2. In their previous appeal, *Lucareli v. Vilas County*, No. 98–0740, unpublished slip op. (Wis. Ct. App. Mar. 9, 1999), the Lucarelis challenged the circuit court's decision that found frivolous their action against a Department of Natural Resources employee named Jack Smith. We affirmed and determined that the Lucarelis had also processed a frivolous appeal. We awarded Smith the costs and reasonable attorney fees associated with the frivolous appeal and remanded to the circuit court for it to determine the amount of the award.

¶ 3. On remand, the circuit court determined the amount of attorney fees based on the sworn affidavit of the assistant attorney general who had defended Smith on appeal. The Lucarelis objected to the affidavit and contended that they were entitled to an evidentiary hearing. The circuit court denied their request after concluding that the Lucarelis only raised legal issues. The court noted that defense counsel's affidavit

"contain[ed] an itemized and detailed summary of the professional services which [counsel] rendered in connection with the appeal, the exact time spent on each aspect of the appeal, the method . . . by which the value of those services [we]re computed, and complete copies of the end work product." In conclusion, the court explained that an evidentiary hearing was not necessary because the Lucarelis were not "able to advance *any* articulable or arguable basis for suspecting that [counsel] had falsely sworn to any aspect of the affidavit . . . ."

## ANALYSIS

¶ 4. The Lucarelis raise various issues on appeal. Pursuant to this court's order dated January 13, 2000, however, we will only consider the Lucarelis' arguments concerning the trial court's award of reasonable attorney fees associated with their frivolous appeal.[1]

### A. *Subject Matter Jurisdiction*

¶ 5. Initially we address the Lucarelis' argument that the circuit court did not have subject matter jurisdiction to determine the amount of reasonable attorney fees associated with their frivolous appeal. The Lucarelis cite art. VII, § 8 of the Wisconsin Constitution, which states: "Except as otherwise provided by law, the circuit court shall have original jurisdiction in all matters civil and criminal within this state and such

---

[1] We will not address the Lucarelis' other arguments because, as the circuit court adequately explained in its written decision, they have either been decided or were waived when the Lucarelis failed to raise them in their original action and appeal.

appellate jurisdiction in the circuit as the legislature may prescribe by law."

¶ 6. They then argue that no statute expressly grants circuit courts subject matter jurisdiction to determine attorney fees associated with a frivolous appeal. We reject their argument.

¶ 7. WISCONSIN STAT. RULE 809.25(3)[2] states, in relevant part:

> (3) FRIVOLOUS APPEALS. (a) If an appeal or cross-appeal is found to be frivolous by the court,[3] (3) the court shall award to the successful party costs, fees and reasonable attorney fees under this section.

¶ 8. The fundamental flaw in the Lucarelis' argument is that this court, not the circuit court, awarded sanctions for the Lucarelis' frivolous appeal pursuant to WIS. STAT. RULE 809.25(3). According to our long-standing procedure, we simply remanded to the circuit court to determine the amount of reasonable attorney fees.[4]

■

¶ 9. There is nothing peculiar to determining an amount of appellate attorney fees that requires appel-

---

[2] All statutory references are to the 1997–98 version.

[3] For our purposes "court" refers to the court of appeals. *See* WIS. STAT. RULE 809.01(4).

[4] From a utilitarian perspective, circuit courts are much better suited for determining the amount of an award since they have the ability to hold evidentiary hearings when necessary. The Lucarelis acknowledged an understanding of this point in a letter response to the circuit court in which they stated, "it hardly needs saying that the Court of Appeals is not a fact finding court, and that is why the issue of reasonable attorney's fees was remanded to this court."

late jurisdiction. We did not create a new or separate action when we found the Lucarelis' appeal frivolous. While only an appellate court can find an appeal frivolous under WIS. STAT. RULE 809.25(3), there is no reason the circuit court would not continue to have subject matter jurisdiction on remand. *See generally State v. Webster*, 196 Wis. 2d 308, 316, 538 N.W.2d 810 (Ct. App. 1995) (Once a circuit court has subject matter jurisdiction over a case it continues until final disposition.). That the remand arose out of a frivolous appeal is not relevant to whether the circuit court had subject matter jurisdiction to determine reasonable attorney fees.[5]

## B. Evidentiary Hearing on Attorney Fees

¶ 10. The Lucarelis argue that they were entitled to "pre-hearing discovery" and an evidentiary hearing so that they could adequately test the validity of counsel's affidavit of billed services.[6] Without those

---

[5] We also note that this is consistent with federal practice under Rule 38 of the Federal Rules of Appellate Procedure, which allows "a court of appeals" to impose "just damages and single or double costs" in a frivolous appeal. In *Conner v. Travis County*, 209 F.3d 794, 801 n.5 (5th Cir. 2000), the Fifth Circuit stated that although a district court did not have authority to sanction based on its determination that an appeal was frivolous under Rule 38, "[a] district court can still calculate sanctions if [the court of appeals] determine[s] that an appeal is frivolous and remand[s] to the district court to award justifiable damages, costs, or fees."

[6] As explained in footnote 1, one of the issues that we will not address is the Lucarelis' related argument that the circuit court improperly determined the attorney's hourly rate by using the average cost for providing legal services incurred by the State of Wisconsin Department of Justice. The Lucarelis raised

89

procedural safeguards, they argue that due process of law cannot be satisfied.

¶ 11.   When deprivation of property is at issue, as it is in this case, minimal due process requires the court to afford a litigant a meaningful opportunity to present a defense. *See Boddie v. Connecticut*, 401 U.S. 371, 377–78 (1971). The circuit court gave the Lucarelis a meaningful opportunity to submit counter-affidavits and/or arguments that could have created a material issue of fact involving defense counsel's affidavit. As the circuit court noted, however, the Lucarelis chose to do neither. Instead of addressing the substantive reasonableness of the proposed attorney fees, the Lucarelis used their opportunities to raise procedural and legal issues that were irrelevant or that this court or the circuit court had already decided.

¶ 12.   Absent material issues of fact, the circuit court did not need to hold an evidentiary hearing.[7] A circuit court generally "has the expertise to evaluate the reasonableness of the fees with regard to the services rendered." *Tesch v. Tesch*, 63 Wis. 2d 320, 335, 217 N.W.2d 647 (1974). And "[i]t is not really the type

the identical argument when objecting to the determination of trial counsel's fees, who was the same attorney that defended the Lucarelis' appeal. The Lucarelis eventually abandoned that argument and it is now the law of the case. *See Univest Corp. v. General Split Corp.*, 148 Wis. 2d 29, 38, 435 N.W.2d 234 (1989). The Lucarelis argue that their previous abandonment of this issue should not affect their argument regarding appellate attorney fees. But the legal issue was the same: whether counsel's attorney fees could be calculated by general statistics.

[7] We are not suggesting that discovery is foreclosed. That is a matter within the discretion of the trial court.

of issue or question of fact where an adversary presentation is necessary to the presentation of evidence necessary to a determination." *Id.* Further, an itemized bill submitted by affidavit may be sufficient evidence to establish attorney fees. *See id.* at 334.

¶ 13.  With regard to the circuit court's determination of the amount of attorney fees, this is a finding of fact that we will sustain unless the court erroneously exercised its discretion. *See Milwaukee Rescue Mission v. Milwaukee Redev. Auth.*, 161 Wis. 2d 472, 494, 468 N.W.2d 663 (1991). The Lucarelis implicitly acknowledge that they have no basis for their claim that the proposed attorney fees were unreasonable. In their brief to this court, they plainly state that had they "been able to depose Smith's lawyer, they *might have* discovered evidence casting doubt on his fee request and supporting their request for an evidentiary hearing." (Emphasis added.) The Lucarelis' request for an evidentiary hearing was in the nature of a fishing expedition, which the trial court was not required to grant.

*By the Court.*—Judgment affirmed.