STARK, P.J.[1]
¶ 1 Lynne Kobilka appeals circuit court orders denying her motions for an injunction against Cottonwood Financial Wisconsin, LLC, d/b/a The Cash Store ("Cottonwood"), and for reconsideration. We affirm, as Kobilka's challenges were not properly before the circuit court. Pursuant to WIS. STAT. RULE 809.25(3), we also grant Cottonwood's motion for sanctions against Kobilka's attorney for a frivolous appeal, and we remand for the circuit court to determine the amount of costs and reasonable attorney fees to be awarded to Cottonwood.
BACKGROUND
¶ 2 Cottonwood obtained a default judgment in the amount of $1,036.50 against Kobilka in May 2013. In November 2016, a circuit court commissioner entered an order, on Cottonwood's motion, that Kobilka appear for a supplemental examination on December 21, 2016, to answer questions under oath concerning her property. The commissioner's order provided, in part: "In the meantime and until further order to the contrary, you are hereby enjoined and restrained from making any transfer or other disposition of your property not exempt by law from execution, and from any interference therewith." As ordered, Kobilka appeared with counsel and participated in the supplemental examination. Kobilka did not object before or during the examination to the language of the commissioner's order.
¶ 3 Two months after the supplemental examination, Kobilka filed a motion pursuant to WIS. STAT. § 426.109 to temporarily enjoin Cottonwood's enforcement of the commissioner's order, as well as to vacate that order. As relevant to this appeal, Kobilka argued that the commissioner's order violated the Wisconsin Consumer Act (WCA) because the commissioner lacked authority to restrain her from transferring or disposing of any nonexempt property.
¶ 4 The circuit court denied Kobilka's motion. The court first concluded it did not have authority to grant Kobilka's requested relief because WIS. STAT. § 426.109(1) requires consumers to bring a civil action to restrain violations of the WCA. The court found that Kobilka had "not commenced a civil action or even asserted a counterclaim in an existing civil action." Rather, the court observed, Kobilka had "made a motion in the underlying small claims debt collection suit that ha[d] been adjudicated and closed for nearly four years." The court further concluded that even if it possessed authority to consider the injunction motion, the issue was moot because the commissioner's orders were expressly limited to the time between issuance of the order and the examination date. The court also denied Kobilka's reconsideration motion. Kobilka now appeals.
DISCUSSION
¶ 5 On appeal, Kobilka again concentrates her arguments on the commissioner's lack of authority to restrain her from transferring or disposing of any nonexempt property and the resulting need to vacate the commissioner's order. Cottonwood does not address these arguments for the purposes of this appeal. Instead, Cottonwood contends the circuit court correctly interpreted WIS. STAT. § 426.109(1) as requiring that Kobilka bring a separate "civil action" to challenge the injunction entered by the commissioner.[2] Kobilka does not address § 426.109 in her brief-in-chief, except to acknowledge that she is not challenging that part of the court's order in which it concluded § 426.109 required a separate civil action to be filed. Kobilka did not file a reply brief to address Cottonwood's argument, and we deem the issue conceded. See State v. Bauer , 2010 WI App 93, ¶ 11, 327 Wis. 2d 765, 773, 787 N.W.2d 412 (unrefuted arguments are deemed conceded). The plain wording of § 426.109(1) requires consumers to bring a civil action to restrain violations of the WCA. As the court noted, Kobilka had "not commenced a civil action or even asserted a counterclaim in an existing civil action." Accordingly, the issues of whether the commissioner lacked authority to restrain Kobilka from transferring or disposing of her nonexempt property, and whether the court should vacate the commissioner's order, are not properly before us.
¶ 6 Kobilka cites State ex rel. M.L.B. v. D.G.H. , 122 Wis. 2d 536, 363 N.W.2d 419 (1985), in support of her argument that the circuit court erroneously exercised its discretion in denying as moot her motion to vacate the commissioner's order. She contends the commissioner's order is not moot because it continues to restrain her disposition or transfer of her personal property as there has been no "further order to the contrary."
¶ 7 M.L.B. is of no assistance to Kobilka in this case. In M.L.B. , the moving party sought relief from a judgment pursuant to WIS. STAT. § 806.07(1). See M.L.B , 122 Wis. 2d at 544. Kobilka seeks to vacate the court commissioner's order under WIS. STAT. § 426.109(1). As discussed above, § 426.109 requires a separate civil action to be filed, and the circuit court had no authority to grant Kobilka's requested relief in this case.
¶ 8 Even if we were to consider the merits of Kobilka's argument, it is clear the circuit court correctly concluded her motion was moot. Kobilka ignores the plain wording of the commissioner's order, which the circuit court correctly concluded only restrained her from disposing of her property "in the meantime" between the date the order was issued and the date of the supplemental examination. By the time Kobilka filed her motion, the examination was completed without objection from Kobilka. Consequently, vacating the commissioner's order would not have any practical effect in this case, as the order enjoining Kobilka's disposition or transfer of her property is no longer in effect. See McFarland State Bank v. Sherry , 2012 WI App 4, ¶ 9, 338 Wis. 2d 462, 809 N.W.2d 58 (2011) ("An issue is moot when its resolution will have no practical effect on the underlying controversy."). The court properly determined Kobilka's motion was moot.
¶ 9 Finally, Kobilka asserts she is appealing the denial of her motion for reconsideration. However, she provides no supporting argument. This court will not abandon its neutrality to develop arguments on a party's behalf. See Industrial Risk Insurers v. American Eng'g Testing, Inc. , 2009 WI App 62, ¶ 25, 318 Wis. 2d 148, 769 N.W.2d 82.
MOTION FOR SANCTIONS
¶ 10 Cottonwood filed a motion asking that Kobilka and her attorney, Eric Crandall, be required to pay its costs and attorney fees as a sanction for filing and maintaining a frivolous appeal. See WIS. STAT. RULE 809.25(3). Cottonwood argues that Kobilka and Crandall knew or should have known this appeal had no reasonable legal basis, and that it was brought solely to harass Cottonwood and cause it to incur unnecessary defense costs and attorney fees. In support of its motion, Cottonwood recites its lengthy history of litigation with Kobilka, as represented by Crandall, involving her claims that Cottonwood violated the WCA. Kobilka has not filed a response to the motion.
¶ 11 Whether an appeal is frivolous is a question of law. Howell v. Denomie , 2005 WI 81, ¶ 9, 282 Wis. 2d 130, 698 N.W.2d 621. An appeal is frivolous if we determine either that it "was filed, used or continued in bad faith, solely for purposes of harassing or maliciously injuring another," or that "the party's attorney knew, or should have known, that the appeal ... was without any reasonable basis in law or equity and could not be supported by a good faith argument for an extension, modification or reversal of existing law." WIS. STAT. RULE 809.25(3)(c)1.-2. This standard is objective, and we must consider what a reasonable party or attorney knew or should have known under comparable circumstances. Howell , 282 Wis. 2d 130, ¶ 9.
¶ 12 We conclude this appeal is frivolous. It is evident that Kobilka's attorney knew, or should have known, that this appeal was without any reasonable basis in law or in equity, and he did not argue for an extension, modification or reversal of existing law. In fact, Crandall, in his appellate briefing on behalf of Kobilka, has conceded that the circuit court properly dismissed the motion for temporary injunction because he failed to comply with the process required under WIS. STAT. § 426.109. Crandall has made no developed argument that the appeal was not moot, and although he claimed to be appealing the denial of the reconsideration motion, he has made no argument whatsoever in support of that appeal. The entirety of the argument on appeal, as presented by Crandall on Kobilka's behalf, challenges the merits of the court commissioner's authority to restrain Kobilka's transfer and disposition of her property. However, Crandall knew or should have known any challenges to the commissioner's order could not succeed without addressing the court's conclusion that Kobilka had to file a separate civil action to raise those issues. To underscore this point, Kobilka-again represented by Crandall-has filed a separate civil action, St. Croix County case No. 2017SC1313, which remains pending.[3] According to Cottonwood, Kobilka has raised the same issues in that action as she does in this appeal.
¶ 13 Cottonwood also asks us to conclude Kobilka's appeal was frivolous because it was brought in bad faith, solely for the purpose of harassing Cottonwood and causing it injury. However, we have already concluded the appeal was frivolous because it is without legal basis. We need not consider all issues argued by a party when one is dispositive. See Kelly v. Berg , 2015 WI App 69, ¶ 33, 365 Wis. 2d 83, 870 N.W.2d 481.
¶ 14 Because Kobilka's appeal was brought without legal basis, we conclude this appeal is frivolous. Accordingly, we assess costs and fees fully against Kobilka's attorney, Eric Crandall, pursuant to WIS. STAT. RULE 809.25(3)(b).[4] We remand for the circuit court to determine the amount of costs and reasonable attorney fees to be awarded. See Lucareli v. Vilas Cty. , 2000 WI App 157, ¶¶ 7-9, 238 Wis. 2d 84, 616 N.W.2d 153.
By the Court. -Orders affirmed and cause remanded with directions.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)4.

This appeal is decided by one judge pursuant to Wis. Stat. § 752.31(2) (2015-16). All references to the Wisconsin Statutes are to the 2015-16 version unless otherwise noted.

Wisconsin Stat. § 426.109(1) provides in full:
The administrator or any customer may bring a civil action to restrain by temporary or permanent injunction a person from violating chs. 421 to 427 and 429 or the rules promulgated pursuant thereto, or to so restrain a merchant or a person acting on behalf of a merchant from engaging in false, misleading, deceptive, or unconscionable conduct in consumer credit transactions. It shall not be a defense to an action brought under this section that there exists an adequate remedy at law.

We take judicial notice of the records in St. Croix County Circuit Court case No. 2017SC1313, as they appear on Wisconsin's Consolidated Court Automation Programs. See Kirk v. Credit Acceptance Corp. , 2013 WI App 32, ¶ 5 n.1, 346 Wis. 2d 635, 829 N.W.2d 522.

Cottonwood also requests costs and attorney fees from Kobilka. We decline this request. The claims in this appeal are different than those previously filed by Kobilka against Cottonwood, and we are not convinced that a reasonable person in Kobilka's position knew or should have known her claims in this appeal have no basis in law or equity.