COURT OF APPEALS
DECISION
DATED AND FILED

April 3, 2025

Samuel A. Christensen
Clerk of Court of Appeals

NOTICE

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.   **2024AP145**

STATE OF WISCONSIN

Cir. Ct. No.  2023CV437

IN COURT OF APPEALS
DISTRICT IV

TRACY DINKMEYER,

   PETITIONER-RESPONDENT,

V.

SHAWN FORCE,

   RESPONDENT-APPELLANT.

APPEAL from an order of the circuit court for Wood County: NICHOLAS J. BRAZEAU, JR., Judge. *Affirmed*.

Before Graham, Nashold, and Taylor, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM. Shawn Force appeals a harassment injunction issued on the petition of Tracy Dinkmeyer. The main issue is whether Force had

sufficient contact with the State of Wisconsin for the circuit court to have personal jurisdiction over him. We conclude that there was sufficient contact, and we affirm.

¶2 Dinkmeyer petitioned on November 6, 2023, for the harassment injunction under WIS. STAT. § 813.125 (2023-24).[1] The petition provided an Arizona address for Force. The petition alleged that on November 4, 2023, a police officer showed Dinkmeyer a transcript of a telephone call Force made to the county human services agency, during which he stated that he would be coming to Wisconsin with his gun to get their son.

¶3 The circuit court granted a temporary restraining order, to be served on Force in Arizona. Force moved to dismiss the petition due to lack of personal jurisdiction. In the motion, he argued, among other things, that it would violate due process for the court to exercise personal jurisdiction over him, because he lacked sufficient contacts with Wisconsin.

¶4 At the harassment injunction hearing, the circuit court heard testimony by Dinkmeyer and considered her exhibits. As relevant to the issue on appeal, she testified, consistently with the above allegation, as to what she was told about Force's call to the county agency, although she said that November 3, 2023, was the date that she was shown the description of the call. She testified that, at 3:00 p.m. on November 6, 2023, the day she filed the petition, Force texted her asking for her address. She also testified that on the day after she filed the petition, the principal of their child's school told her that Force "had called the

---

[1] All references to the Wisconsin Statutes are to the 2023-24 version.

school a number of times between Saturday, November 4, and Tuesday, November 7."

¶5      The circuit court granted the harassment injunction against Force.  In doing so, the court concluded that it had personal jurisdiction on the ground that Force's action of contacting the county agency was part of an ongoing pattern of harassment of the petitioner, who currently resided in Wisconsin, and that in doing so Force had indirect communication with the petitioner through the agency and the police officer, in which Force indicated a threat to the physical health or safety of the petitioner.  Force appeals.

¶6      Determination of personal jurisdiction is a two-part test.  In the first part, the court determines whether the state's long-arm jurisdiction statute has been satisfied.  *CITGO Petrol. Corp. v. MTI Connect, LLC*, 2020 WI App 57, ¶16, 394 Wis. 2d 126, 949 N.W.2d 577.  In the second part of the test, if the long-arm statute has been satisfied, the court considers whether it is constitutional to exercise personal jurisdiction on these facts.  *Id.*  This part of the test has additional subparts that we will describe below.

¶7      In this case, the circuit court found that the long-arm statute was satisfied.  Although the court's conclusion as to personal jurisdiction that we described above did not identify any specific law that the court was applying, its language shows that it was applying the long-arm statute that relates specifically to harassment injunctions, WIS. STAT. § 801.05(11m).[2]

---

[2] WISCONSIN STAT. § 801.05(11m) provides:

**(11m)** CERTAIN RESTRAINING ORDERS OR INJUNCTIONS.

(continued)

¶8     This statute provides for specific personal jurisdiction, based on the facts related to the claim, rather than general jurisdiction based on, for example, the defendant's residency in the state.   *See* **CITGO**, 394 Wis. 2d 126, ¶17

---

(a) Subject to subch. II of [WIS. STAT.] ch. 822, and in addition to personal jurisdiction under [WIS. STAT. §§ 801.05(1) and 801.06], in any action filed pursuant to [WIS. STAT. §§ ] 813.12, 813.122, 813.123 or 813.125, if any of the following apply:

1. Subject to par. (b), an act or threat of the respondent giving rise to the petition occurred outside the state and is part of an ongoing pattern of harassment that has an adverse effect on the petitioner or a member of the petitioner's family or household, and the petitioner resides in this state.

2. Subject to par. (b), the petitioner or a member of the petitioner's family or household has sought safety or protection in this state as a result of an act or threat of the respondent giving rise to the petition.

3. Personal jurisdiction is permissible under the constitution of the United States or of the state of Wisconsin.

(b) Paragraph (a)1. or 2. applies if, while the petitioner or a member of the petitioner's family or household resides or is temporarily living in this state, the respondent has had direct or indirect communication with the petitioner or a member of the petitioner's family or household or if the respondent has indicated a threat to the physical health or safety of the petitioner or of a member of the petitioner's family or household. A communication or indication for the purpose of this paragraph includes communication through mail, telephone, electronic message or transmittal, and posting on an electronic communication site, web page, or other electronic medium. Communication on any electronic medium that is generally available to any individual residing in this state is sufficient to exercise jurisdiction under par. (a)1. or 2.

(c) If a court has personal jurisdiction pursuant to para. (a) and a respondent has been served but does not appear or does not file a response or motion asserting the defense of lack of personal jurisdiction, the court shall hear the action. This paragraph does not limit the respondent's right to challenge personal jurisdiction on appeal.

(explaining that there are two types of personal jurisdiction, and that specific jurisdiction exists when the action before the court arises from or relates to the defendant's contacts with the forum state and only exists when the defendant's contacts with the forum state directly relate to the challenged conduct or transaction).

¶9 On appeal, Force argues that the long-arm statute was not satisfied because Dinkmeyer did not prove that there was an "adverse effect on the petitioner or a member of the petitioner's family or household," as required by WIS. STAT. § 801.05(11m)(a)1. Although the circuit court did not expressly find that an adverse effect occurred, it is reasonable to infer from the undisputed circumstances that Force's threat caused Dinkmeyer to have fear and anxiety. Force did not argue in the circuit court, and does not argue now, that these feelings were not present, or that they were not an "adverse effect."

¶10 Force also addresses the second part of the test, which, as stated, is whether it is constitutional to exercise personal jurisdiction on these facts. *CITGO*, 394 Wis. 2d 126, ¶16. This is a question of law that we review de novo. *Id.* Here, the circuit court did not perform a constitutional analysis or otherwise address Force's due process argument.

¶11 When addressing whether personal jurisdiction is constitutional in the context of specific personal jurisdiction, the inquiry focuses on the relationship among the defendant, the forum, and the litigation. *Id.*, ¶20. For a state to exercise this jurisdiction consistently with due process, the defendant's suit-related conduct must create a substantial connection with the forum state. *Id.* Such a determination involves three steps:

(1) identify the contacts the defendant has with the forum; (2) analyze whether these contacts meet constitutional minimums and whether exercising jurisdiction on the basis of these minimum contacts sufficiently comports with fairness and justice; [and] (3) determine whether the sufficient minimum contacts, if any, arise out of or are related to the causes of action involved in the suit.

*Id.*, ¶21 (alteration in original).

¶12 Applying the first step here, we identify the following contacts. The circuit court found that Force made one telephone call to a county agency in Wisconsin. In addition, petitioner Dinkmeyer testified that Force texted her asking for her address on the day that she filed the injunction petition, and that she was told by a school official that Force contacted the school over a period of several days before and after Dinkmeyer filed the petition.

¶13 We pass over the second step for the moment and turn next to the third step, whether these contacts are related to the cause of action in the suit. This is easily answered in the affirmative, because it is the content and nature of these telecommunication contacts on which the injunction claim is based.

¶14 As for the second step of the test, this is the core of the constitutional analysis. This core itself has two parts, the first of which is whether the defendant purposefully established minimum contacts in the forum. *Salfinger v. Fairfax Media, Ltd.*, 2016 WI App 17, ¶22, 367 Wis. 2d 311, 876 N.W.2d 160. To have minimum contacts, the defendant's conduct and connection with the forum state must be such that he should reasonably anticipate being haled into court there. *Id.*, ¶23. There must be some act by which the defendant purposefully avails himself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws, and this requirement has become the primary

focus of the minimum contacts analysis. *Id.* The "'purposeful availment' requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts." *CITGO*, 394 Wis. 2d 126, ¶19 (quoted source omitted).

¶15 Force argues that minimum contacts are not present because he did not communicate with Dinkmeyer directly, but through a third party, and personal jurisdiction cannot be based solely on his contact with persons who reside in Wisconsin. He relies on the following passage from Wisconsin case law:

> At the outset of our due process analysis, we note that the United States Supreme Court has recently reiterated that when addressing minimum contacts in the context of specific jurisdiction, the inquiry of whether a state may exercise specific jurisdiction over a nonresident defendant focuses on the relationship between the defendant, the forum State, and the litigation. *Walden v. Fiore*, [571 U.S. 277, 283] (2014). More specifically, *Walden* confirms that the relationship between the defendant and the forum State "must arise out of contacts that the 'defendant himself' creates with the forum State," and also notes that the United States Supreme Court has "consistently rejected attempts to satisfy the defendant-focused 'minimum contacts' inquiry by demonstrating contacts between the plaintiff (or third parties) and the forum State." *Id.* [at 284]. "Put simply, however significant the plaintiff's contacts with the forum may be, those contacts cannot be 'decisive in determining whether the defendant's due process rights are violated.'" *Id.* [at 285]. Moreover, the "'minimum contacts' analysis looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Id.* "[T]he defendant's conduct … must form the necessary connection with the forum State that is the basis for its jurisdiction over him." *Id.*

*Salfinger*, 367 Wis. 2d 311, ¶24 (last alteration in original).

¶16 Regarding third parties, Force misapplies this passage. The case states that personal jurisdiction cannot be based on contact between the *plaintiff* or

third parties and the forum state, here, Wisconsin. This passage means that personal jurisdiction over Force cannot be based on the contacts between Dinkmeyer or the agency and Wisconsin. In other words, even if the plaintiff or a third party has a close connection with Wisconsin, that is not decisive in deciding whether the nonresident defendant has sufficient contacts. This passage does *not* say that personal jurisdiction over a nonresident defendant cannot be obtained based on contacts that the *defendant* has with the plaintiff or a third party in Wisconsin.

¶17    We conclude that Force also misinterprets the statement in *Salfinger* that the analysis looks to the defendant's contacts with the forum state itself, and not the defendant's contacts with persons who reside there. We acknowledge that, on its face, this appears to say that personal jurisdiction cannot be based on a nonresident defendant's contacts with persons who reside in the forum state, which is the sole basis claimed here for personal jurisdiction over Force. However, a review of the *Walden* case being discussed in *Salfinger* suggests that this would be too broad an interpretation.

¶18    The United States Supreme Court itself summarized and applied *Walden* in a later case:

> In that case, a Georgia police officer working at an Atlanta airport searched, and seized money from, two Nevada residents before they embarked on a flight to Las Vegas. The victims of the search sued the officer in Nevada, arguing that their alleged injury (their inability to use the seized money) occurred in the State in which they lived. This Court held the exercise of jurisdiction in Nevada improper even though "the plaintiff[s] experienced [the] effect[s]" of the officer's conduct there. According to [petitioner], our ruling shows that a plaintiff's residence and place of injury can never support jurisdiction. *See* Brief for Petitioner 32. And without those facts,

> [petitioner] concludes, the basis for jurisdiction crumbles here as well.
>
> But Walden has precious little to do with the cases before us. In *Walden*, only the plaintiffs had any contacts with the State of Nevada; the defendant-officer had never taken any act to "form[] a contact" of his own. The officer had "never traveled to, conducted activities within, contacted anyone in, or sent anything or anyone to Nevada." So to use the language of our doctrinal test: He had not "purposefully avail[ed himself] of the privilege of conducting activities" in the forum State.

*Ford Motor Co. v. Montana Eighth Judicial Dist. Ct.*, 592 U.S. 351, 370-71 (2021) (alterations in original) (quoting *Walden* 271 U.S. 289-90; and then quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)). In summary, the *Walden* plaintiffs may have been residents of the forum state of Nevada, but the defendant's actions against them, which occurred in a different state, were not alleged to have had any other connection to Nevada.

¶19 With this understanding of the reasoning in *Walden*, we return to the Court's statement in that opinion that "'minimum contacts' analysis looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Walden*, 571 U.S. at 285. In *Walden*, the officer's actions in Georgia did not create jurisdiction in Nevada merely because the officer was interacting with persons who resided in Nevada. Instead, "[a] forum State's exercise of jurisdiction over an out-of-state intentional tortfeasor must be based on intentional conduct by the defendant that creates the necessary contacts with the forum." *Id.* at 286. As applied to our current case, we understand this to mean that Dinkmeyer's and the agency's residence in Wisconsin are not enough to give Wisconsin jurisdiction. However, more is present here, because Force directed his communications to them *while they were in Wisconsin*, thus establishing a substantial contact with the state. This is in contrast to *Walden*, in which the

plaintiffs were not in their home state of Nevada when the defendant engaged in the acts that were the source of the claim.

¶20 Accordingly, we conclude that Force's telephone and text contacts were sufficient minimum contacts. The nature of the contacts was such that he could reasonably have anticipated being haled into court in Wisconsin. The telephone call to the agency was not random, fortuitous, or attenuated, but was instead an intentional act of communication conveying a threat to a person who both resided in, and was actually located in, Wisconsin, through the medium of a local government agency. And in the text message to Dinkmeyer, Force's contact was seeking to obtain information that could be used in following through on the threat.

¶21 If minimum contacts exist, we then consider the defendant's forum-state contacts in light of other factors to determine whether the assertion of personal jurisdiction would comport with fair play and substantial justice. *Salfinger*, 367 Wis. 2d 311, ¶22. There are five factors to this analysis:

> (1) the quantity of the defendant's contacts with the State; (2) the nature and quality of the defendant's contacts with the State; (3) the source and connection of the cause of action with those contacts; (4) the interests of Wisconsin in the action; and (5) the convenience to the parties of employing a Wisconsin forum.

*Id.*

¶22 In this case, the quantity of Force's contacts with the state were few, and this factor is arguably in his favor. However, the nature and quality of the contacts are that Force contacted an agency in the state and made a statement about his future conduct in the state that included an implied threat of violence in the state for the purpose of taking custody of his child who resided in the state.

Although this contact was from a distance, and without a physical presence in the state, this was not casual contact, but was very specifically directed. And, the contact is very closely connected to the source of the claim.

¶23    In addition, Wisconsin has a strong interest in protecting its residents from threats made by nonresidents, especially when the threat is for the nonresident to come to the state to act. Finally, the factor of convenience to the parties does not point in either direction. It is inconvenient for either party to litigate in the other state, but the inconvenience was reduced by Force making his appearance in this case by telecommunications rather than in person. Viewing all of these factors together, we are satisfied that it comports with fair play and substantial justice for the court to have personal jurisdiction over Force.

¶24    We turn next to the remainder of Force's arguments. Force's brief contains several references to the First Amendment, and asserts that his speech in this case was protected by that amendment. However, beyond that, the brief does not cite any applicable case law or otherwise develop a legal argument that is specific to the facts of this case. This court need not address undeveloped arguments, and we do not further address this point. *See **State v. Pettit***, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992).

¶25    Force's brief also contains passages asserting that the circuit court and the police officer improperly assisted Dinkmeyer by advocating on her behalf in this case. These arguments are not sufficiently supported by the record or applicable law. Other passages discuss whether Dinkmeyer is in violation of child custody orders in New York. These are also not well supported and, moreover, are not relevant to the issues on appeal.

11

¶26    In Dinkmeyer's brief, she asks for a finding that this appeal is frivolous under WIS. STAT. RULE 809.25(3).  However, we are not permitted to grant that relief unless the respondent files a separate motion seeking that relief, which Dinkmeyer has not done.  *Howell v. Denomie*, 2005 WI 81, ¶19, 282 Wis. 2d 130, 698 N.W.2d 621.  Therefore, we do not consider the request further.

*By the Court.*—Order affirmed.

This opinion will not be published.  *See* WIS. STAT. RULE 809.23(1)(b)5.