COURT OF APPEALS
DECISION
DATED AND FILED

May 28, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2023AP386**

STATE OF WISCONSIN

Cir. Ct. No. **2021SC250**

**IN COURT OF APPEALS
DISTRICT III**

A TO Z PLUMBING & HEATING, INC.,

    PLAINTIFF-APPELLANT,

V.

CITY OF ASHLAND,

    DEFENDANT-RESPONDENT.

---

APPEAL from a judgment of the circuit court for Ashland County: ANTHONY J. STELLA, JR., Judge. *Affirmed and cause remanded with directions*.

¶1 GILL, J.[1] A to Z Plumbing & Heating, Inc. ("A to Z"), appeals the circuit court's grant of summary judgment to the City of Ashland in this small claims action. A to Z, by its president, Zygmund Jablonski Jr., argues that the court erred

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2) (2023-24). All references to the Wisconsin Statutes are to the 2023-24 version.

by concluding that after the corporation completed the contract for installation of an HVAC system, the City did not breach its contract with A to Z when the City hired another contractor to repair that system.[2]  We affirm.

¶2      Additionally, the City has filed a motion for sanctions under WIS. STAT. RULE 809.25(3), asserting that this appeal is frivolous in its entirety and seeking to recover the costs, court fees, and attorney fees it incurred on appeal.  We agree with the City that A to Z's appeal is frivolous in its entirety.  Accordingly, we grant the City's motion for sanctions and remand the matter to the circuit court to determine the amount of costs, fees, and reasonable attorney fees that the City is entitled to recover.

## BACKGROUND

¶3      On August 13, 2020, the City entered into a contract with A to Z whereby A to Z agreed to replace the HVAC system in the Bretting Community Center in exchange for $199,664.[3]  The contract stated that A to Z would begin on August 13, 2020, and that the work would be substantially completed by December 31, 2020.  The work consisted of removing "three existing gas fired air handling units"; installing "three new hot water coil air handling units" and

---

[2] We note that "the Wisconsin Supreme Court has unequivocally stated that under Wisconsin rules and statutes, only lawyers can appear on behalf of or perform legal services for corporations in legal actions in Wisconsin courts."  *Carmain v. Affiliated Cap. Corp.*, 2002 WI App 271, ¶19, 258 Wis. 2d 378, 654 N.W.2d 265.  However, "[t]he only exception" to this rule is for "actions filed in small claims court."  *Jadair Inc. v. United States Fire Ins. Co.*, 209 Wis. 2d 187, 202, 562 N.W.2d 401 (1997).  Because A to Z's complaint was filed in small claims court, Jablonski is permitted to "appear on behalf of or perform legal services" for A to Z in this matter.

[3] Throughout the performance of this contract, multiple change orders were needed and mutually agreed upon.  These change orders resulted in an additional cost of $2,216 to the City, bringing the total contract sum to $201,880.

"associated ductwork, piping, control work and electrical"; and installing cooling coils, two new condensing units, and a new hot water boiler system.

¶4      A to Z did not substantially complete the above work by the December 31, 2020 deadline.  After A to Z requested and was granted multiple extensions to complete the project, installation of the HVAC system was completed on June 23, 2021.

¶5      On June 29, 2021, the HVAC system installed by A to Z stopped working.  Shortly thereafter, the City hired another contractor to repair the HVAC system.  On July 3, 2021, A to Z sent a letter to the City, indicating that it would be "filing claims" against the City for "additional costs and delays" that were caused by the COVID-19 pandemic under the theory of the "[d]octrine of [i]mpracticability."  The letter stated that this decision was based on "[r]ecent events," which the City interprets on appeal as meaning its hiring of another contractor to repair the HVAC system.

¶6      On August 31, 2021, the City approved its final payment to A to Z which was subsequently issued on September 3, 2021, to satisfy its total contractual obligation of $201,880.  The City did not pay any of the "claims" filed by A to Z for the additional costs and delays.[4]  A to Z then filed a small claims complaint against the City, in which A to Z alleged that the City had breached its contract with A to Z by hiring another contractor on July 3, 2021.  A to Z sought to obtain $10,000 to compensate it for "financial [and] reputational loss."

---

[4] A to Z does not argue on appeal that the City wrongfully declined to pay any of these additional claims.

¶7 The City filed a motion for summary judgment, in which it alleged that there were no genuine issues as to any material facts and that it was entitled to judgment as a matter of law because it paid A to Z the full contract price and therefore did not breach the contract. Specifically, the City argued that its contract with A to Z created only one duty for the City—to pay the contract price—and that the City fulfilled this duty. The City also noted that its contract with A to Z did "not prohibit the City from hiring a contractor to work on the non-functioning air conditioning system, nor d[id] it require the City to notify A to Z in advance."

¶8 A to Z opposed the City's summary judgment motion and filed its own motion for summary judgment. A to Z argued that the City violated § 12.2.2.1 of the contract by hiring another contractor to repair the HVAC system, and that this violation caused A to Z to suffer reputational harm, including the loss of two other projects with the City.

¶9 The circuit court granted the City's motion for summary judgment. It first found that the City "paid [A to Z] the full amount that [it] would have received under the contract had it been satisfactorily completed in full, even though the contract was not completed to the satisfaction of the [City]." The court then found that the section of the contract that A to Z claimed was breached merely gave the City a warranty for the work performed by A to Z. However, that section did "not give the warrantor a right to perform that work; rather, it impose[d] upon the warrantor the obligation to perform work at the option of the purchaser." The court noted that "[t]he warrantor has no absolute right to perform the repairs on products that it has given a warranty for" and that to suggest otherwise is "absurd."

¶10 The circuit court also considered whether A to Z was entitled to interest or a fee due to the City's late final payment. The court noted that, under the

terms of the contract, final payment was due 30 days "after the contractor fully performed the contract and a final certificate was issued by the architect OR subject to the approval of the City Council at a regularly established meeting date." The court then noted that the contract was not fully performed within the timeframe established in the contract and that there was no evidence of when a final certificate was issued by the architect. The court found that the City waited to issue the final payment because it was waiting for a final invoice from A to Z and that the City issued its final payment six weeks after it received the final invoice. The court found that six weeks was a reasonable amount of time for the City to evaluate the claims and invoices and that any harm A to Z suffered from waiting in excess of 30 days would have been de minimis.

¶11 Accordingly, the circuit court found that the City did not breach the contract, denied A to Z's summary judgment motion, and granted summary judgment in favor of the City. A to Z now appeals.

## DISCUSSION

¶12 A to Z argues that the circuit court erred by granting summary judgment to the City and denying A to Z's summary judgment motion because the City breached the contract by hiring another contractor to work on the HVAC system.

¶13 We review "summary judgment decisions de novo, applying the same method employed by the [circuit] court." *Koepsell's Olde Popcorn Wagons, Inc. v. Koepsell's Festival Popcorn Wagons, Ltd.*, 2004 WI App 129, ¶2, 275 Wis. 2d 397, 685 N.W.2d 853. Summary judgment "shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the

affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." WIS. STAT. § 802.08.

¶14 "The elements of any breach of contract claim are (1) the existence of a contract between the plaintiff and the defendant; (2) breach of that contract; and (3) damages." *Pagoudis v. Keidl*, 2023 WI 27, ¶12, 406 Wis. 2d 542, 988 N.W.2d 606.

¶15 On appeal, A to Z renews its argument that the City breached § 12.2.2.1 of the contract.[5] Section 12.2.2.1 appears under the title "After Substantial Completion" and it provides:

> In addition to the Contractor's obligations under Section 3.5, if, within one year after the date of Substantial Completion of the Work or designated portion thereof or after the date for commencement of warranties established under Section 9.9.1, or by terms of any applicable special warranty required by the Contract Documents, any of the Work is found to be not in accordance with the requirements of the Contract Documents, the Contractor shall correct it promptly after receipt of notice from the Owner to do so, unless the Owner has previously given the Contractor a written acceptance of such condition. The Owner shall give such notice promptly after discovery of the condition. During the one-year period for correction of Work, if the Owner fails to notify the Contractor and give the Contractor an opportunity to make the correction, the Owner waives the rights to require correction by the Contractor and to make a claim for breach of warranty. If the Contractor fails to correct nonconforming Work within a reasonable time during that period after receipt of notice from the Owner or Architect, the Owner may correct it in accordance with Section 2.5.

---

[5] A to Z also mentions § 2.5 of the contract in its statement of facts, but it does not develop any arguments regarding that section of the contract. To the extent that A to Z intends to argue that the City breached § 2.5, we reject that argument as undeveloped. *See State v. Pettit*, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992).

A to Z argues that § 12.2.2.1 "clearly shows that warranty considerations and requirements were by contract, and they must run through A to Z at a minimum of first providing the work or repairs."

¶16 We conclude that A to Z misreads § 12.2.2.1 of the contract. This section does not require the City to request that A to Z repair the HVAC system. This section merely provides that if the City *chooses* to have A to Z repair the HVAC system within one year after substantial completion of the contract, the City must promptly notify A to Z of its request that it do so, and A to Z must promptly correct the issue.

¶17 Section 12.2.2.1 further addresses the circumstance where the City chooses not to have A to Z correct the issue. The contract provides that "[d]uring the one year period for correction of Work, *if the Owner fails to notify the Contractor and give the Contractor an opportunity to make the correction, the Owner waives the rights to require correction by the Contractor* and to make a claim for breach of warranty." (Emphasis added.) Thus, by not notifying A to Z of the issue with the HVAC system and by hiring another contractor, the City merely waived its rights to require correction by A to Z and to make a claim for breach of warranty. We echo the circuit court's statement in its decision and order on the City's motion for summary judgment that "[t]he warrantor has no absolute right to perform the repairs on products that it has given a warranty for. To suggest otherwise is absurd."

¶18 A to Z next argues that "[i]t is clear that other contractual requirements were breached by the [C]ity" and that full payment of the contract therefore "is not sufficient to deny a breach of the contract." However, A to Z does not explain anywhere in its briefing what these so-called "clear" "other contractual

requirements" are. We reject this argument as undeveloped. *See State v. Pettit*, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992). While we provide some leeway to pro se litigants, we will not abandon our neutrality to develop their arguments for them. *See State ex rel. Wren v. Richardson*, 2019 WI 110, ¶25, 389 Wis. 2d 516, 936 N.W.2d 587; *Industrial Risk Insurers v. American Eng'g Testing, Inc.*, 2009 WI App 62, ¶25, 318 Wis. 2d 148, 769 N.W.2d 82.[6]

¶19     We turn now to the City's motion for sanctions under WIS. STAT. RULE 809.25(3). "If an appeal or cross-appeal is found to be frivolous by the court, the court shall award to the successful party costs, fees, and reasonable attorney fees under this section." RULE 809.25(3)(a). "Whether an appeal is frivolous is a question of law." *Larson v. Burmaster*, 2006 WI App 142, ¶45, 295 Wis. 2d 333, 720 N.W.2d 134.

¶20     "To award costs and attorney fees, [we] must conclude that the entire appeal is frivolous." *Howell v. Denomie*, 2005 WI 81, ¶9, 282 Wis. 2d 130, 698 N.W.2d 621. In order to conclude that an appeal is frivolous, we must determine either that: (1) "[t]he appeal or cross-appeal was filed, used or continued in bad faith, solely for purposes of harassing or maliciously injuring another"; or (2) "[t]he party or the party's attorney knew, or should have known, that the appeal or cross-appeal was without any reasonable basis in law or equity and could not be supported by a good faith argument for an extension, modification or reversal of existing law." WIS. STAT. RULE 809.25(3)(c).

---

[6] Because we conclude that A to Z has failed to establish a breach of the contract, we need not address whether A to Z suffered any damages. *See Turner v. Taylor*, 2003 WI App 256, ¶1 n.1, 268 Wis. 2d 628, 673 N.W.2d 716 (concluding that we need not address all issues when the resolution of one of the issues is dispositive).

¶21     When considering whether an appeal filed by a pro se litigant is frivolous, "[t]he standard to be applied is an objective one: what should a reasonable person in the position of this pro se litigant know or have known about the facts and the law relating to the arguments presented." *Holz v. Busy Bees Contracting, Inc.*, 223 Wis. 2d 598, 608, 589 N.W. 633 (Ct. App. 1998). "As with lawyers, a pro se litigant is required to make a reasonable investigation of the facts and the law before filing an appeal." *Id.*

¶22     The City argues that A to Z knew or should have known that its appeal was without any reasonable basis in law or equity and could not be supported by a good faith argument for an extension, modification, or reversal of existing law. Specifically, the City contends that "A to Z did not identify any genuine dispute of fact about either the 'breach' or the 'damage' elements of its breach of contract claim"; that "the two contract provisions that A to Z argues the City breached are, by their terms, not relevant to A to Z['s] claims." The City also asserts that A to Z failed to explain "what it believes the [circuit] court did wrong in applying the law to the undisputed facts."

¶23     We agree with the City that A to Z's appeal is frivolous in its entirety. As we stated above, A to Z completely misunderstands the contract provision that it argues the City breached by having a different contractor repair the HVAC system. *See supra* ¶¶15-17. That provision merely provides the procedure the City must follow *if it chooses* to have A to Z repair the HVAC system pursuant to the contract. A to Z's position that this provision *requires* the City to have A to Z repair the HVAC system is, as characterized by the circuit court, "absurd," and the argument "so indefensible that [A to Z] should have known it to be frivolous." *See Baumeister v. Automated Prods., Inc.*, 2004 WI 148, ¶28, 277 Wis. 2d 21, 690 N.W.2d 1 (citation omitted).

9

¶24    After we ordered A to Z to respond to the City's motion for sanctions, A to Z largely reasserted the arguments it made in its brief-in-chief. As noted above, A to Z's reasoning is flawed.

¶25    Accordingly, we conclude that A to Z's entire appeal is frivolous. *See* WIS. STAT. RULE 809.25(3)(c)2. We therefore grant the City's motion for sanctions under RULE 809.25(3) and remand this matter to the circuit court for a determination of the amount of costs, fees, and reasonable attorney fees that the City is entitled to recover under RULE 809.25(3)(a).

        *By the Court.*—Judgment affirmed and cause remanded with directions.

        This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.